UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BUTTER IPH, LLC,

Plaintiff(s),

v.

JAYSON SANCHEZ,

Defendant(s).

2:12-CV-445 JCM (VCF)

**ORDER**

Presently before the court is plaintiff Butter IPH, LLC's ex parte motion for entry of default judgment against defendants Jayson Sanchez and 1Oak Entertainment Group ("defendants"). (Doc. # 11).

**I. Background**

1 Oak is a popular night club located in New York City. On January 1, 2012, 1 Oak Las Vegas, modeled as a replica of the New York City based club, opened and has also become a popular night club. 1 Oak has continuously used the word mark as both 1 Oak or as 1 Oak One of a Kind and a mark comprised of the number "1" adjacent to the word "oak" with an oak leaf attached to the "O," above the words "One of a Kind" in commerce.

Plaintiff owns a federally registered word mark for 1 Oak (Registration No. 3485936) and a federally pending 1 Oak One of a Kind design mark for night club services, restaurant, bar and cocktail lounge services. Plaintiff alleges that defendants have been using marks that are the same or confusingly similar to the 1 Oak marks to perform various entertainment industry activities. (Doc.

# 1).

On March 16, 2012, plaintiff filed a complaint in this court against defendants alleging, among other things, various trademark infringements by defendants. (Doc. # 1). Plaintiff communicated with defendants prior to the initiation of the lawsuit, but defendants evaded service after the filing of the complaint. (Doc. # 6). The court then granted plaintiff's ex parte motion for service by publication. (Doc. # 8). On August 3, 2012, plaintiff filed a motion for the clerk to enter default against defendants for failing to accept service, even despite service by publication. (Doc. # (9).

**II. Discussion**

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

On August 6, 2012, the clerk entered default against defendants for their failure to plead, accept summons, or otherwise defend the instant lawsuit. (Docs. # 10). Pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiff now asks this court to enter default against both defendants. In the present ex parte motion plaintiff seeks: (1) default judgment against defendants; (2) a permanent injunction against defendants; and (3) and an award for costs of this action and reasonable attorneys' fees. (Doc. # 11).

**A. Default Judgment**

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The court finds that factors one through six all favor plaintiff. Factor two, the merits of plaintiff's substantive claim, and factor six, whether the default was due

James C. Mahan
U.S. District Judge

to excusable neglect by defendant, strongly weigh in favor of plaintiff.[1] The court hereby grants default judgment to every cause of action in plaintiff's complaint: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) trademark dilution under 15 U.S.C. § 1125(c); (3) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); and, (4) common law unfair competition.

**B. Injunctive Relief**

Next, plaintiff seeks a permanent injunction prohibiting the defendants from using <1oakmusic.com> and the Twitter account at https://twitter.com/#1/oakMusic, or any confusingly similar marks or domain names. A party seeking a permanent injunction must establish: (1) actual success on the merits; (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest. *See Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 20 (2008) (citation omitted).

Like the default judgment factors, each *Winter* factor favors plaintiff. The trademarks used by defendants are confusingly similar and thus could negatively affect plaintiff's goodwill and reputation. Further, 1 Oak has invested substantial sums of money to advertise and promote its 1 Oak marks decidedly tilting the balance of hardships in favor of plaintiff. Therefore, the permanent injunction is granted and defendants are permanently enjoined from using <1oakmusic.com> and the Twitter account at https://twitter.com/#1/oakMusic, or any confusingly similar marks or domain names.

**C. Costs of the action and attorneys' fees**

"In 1975, Congress amended the Lanham Act for the express purpose of permitting the recovery of attorneys' fees 'in exceptional cases.'" *Playboy Enter., Inc. v. Baccarat Clothing Co., Inc.*, 692 F.2d 1272, 1276 (9th Cir. 1982) (citing 15 U.S.C. § 1117). The Committee on the Judiciary has stated that the remedy of attorneys' fees "'should be available in exceptional cases, i.e., in infringement cases where the acts of infringement can be characterized as 'malicious', 'fraudulent',

---

[1]The only factor that arguably does not favor plaintiff from the *Eitel* factors is factor seven, which states that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, defendants' sustained and continual evasion of service and refusal to properly defend this suit is the only reason the lawsuit cannot be fully determined on the merits.

'deliberate', or 'willful'.'" *Id.* (quoting Senate Report No. 93-1400, 93rd Congress, Second Session (1974), *reprinted in* 1974 U.S. Code Cong. & Ad. News 7132, 7133.

The court finds that, based on the facts presented, defendants' behavior and actions were certainly negligent and misguided, but it does not rise to the level of malicious, fraudulent, deliberate or willful. Therefore, plaintiff's claims for recovery of court costs and attorneys' fees is denied.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff's motion for default judgment (doc. # 11) be, and the same hereby is, GRANTED consistent with the foregoing.

DATED August 30, 2012.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**