# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BUTTER IPH, LLC,

        Plaintiff(s),

v.

JAYSON SANCHEZ,

        Defendant(s).

2:12-CV-445 JCM (VCF)

## ORDER

Presently before the court are two motions filed by plaintiff. No responses have been filed to either motion. Plaintiff's first motion seeks to reopen the case and for an order to show cause to find eNom, Inc. ("eNom") in contempt of court. (Doc. # 14). Plaintiff's second motion is an ex parte motion for enforcement of judgment. ("Doc. # 19).

**I.   Background**

Plaintiff filed a complaint on March 16, 2012, alleging claims of trademark infringement, trademark dilution and unfair competition under the Lanham Act against defendants Jayson Sanchez and 1Oak Entertainment Group. (*See* doc. # 1, Compl.). Plaintiff made substantial attempts to effectuate service, but defendant Sanchez evaded service. (*See* doc. # 6). This court granted service by publication. (*See* doc. # 8).

Defendant refused to litigate this suit. Plaintiff properly filed a motion for entry of clerk's default, which was granted. (*See* docs. ## 9-10). Plaintiff then filed a motion with the court for entry of a default, which this court granted. (*See* docs. # 11-12). In its judgment, the court found

**James C. Mahan**
**U.S. District Judge**

1  that "[t]he trademarks used by defendants are confusingly similar and thus could negatively affect
2  plaintiff's goodwill and reputation." (Doc. # 12).  The court also "enjoined [defendants] from using
3  <1oakmusic.com> and the Twitter account at https://twitter.com/#1/oakMusic, or any confusingly
4  similar marks or domain names." (*Id.*).

5  After judgment was entered, plaintiff continued to monitor the enjoined sites.  Defendant
6  continued to use the site <1oakmusic.com> for approximately one month, but it appears that the site
7  has been taken down.  A search revealed that eNom was the registrar for the <1oakmusic.com>
8  domain name.  Plaintiff sent a copy of the injunctive order to the legal department at eNom and
9  demanded that eNom either terminate or transfer the domain name.  eNom refused.  Plaintiff then
10 filed the instant motions.

11 **II.     Discussion**

12 Federal Rule of Civil Procedure 70 provides that "if a judgment requires a party to . . .
13 perform any [ ] specific act and the party fails to comply within the time specified, the court may
14 order the act to be done – at the disobedient party's expense – by another person appointed by the
15 court.  When done, the act has the same effect as if done by the party."  The rule also provides that
16 the court "may enter a judgment divesting any party's title and vesting it in others.  That judgment
17 has the effect of a legally executed conveyance."

18 Pursuant to Rule 70, the court finds it appropriate to divest eNom, or any other third party,
19 of the infringing website and requiring the relevant domain name registries and domain name
20 registrars to transfer ownership of the infringing domain name to plaintiff.

21 Plaintiff also moves the court for an order to show cause, to find eNom in contempt, and to
22 sanction eNom.  The "court has wide latitude in determining whether there has been contemptuous
23 defiance of its order."  *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984).  Further, courts "retain[
24 ] discretion to establish appropriate sanctions."  *United States v. Bright*, 596 F.3d 683, 694 (9th Cir.
25 2010).  The court does not find it appropriate to issue sanctions or order a representative of eNom
26 to appear at this time.

27 . . .

28

**James C. Mahan
U.S. District Judge**

- 2 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
3  reopen case (doc. # 14) be, and the same hereby, is GRANTED in part and DENIED in part
4  consistent with the foregoing.

5  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's ex parte
6  motion for enforcement of default judgment (doc. # 19) be, and the same hereby is GRANTED.

7  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the infringing domain
8  <1oakmusic.com> be transferred to plaintiff as new owner. The domain registry eNom, Inc., and
9  any other entity or individual with the authority and ability to affect this transfer, shall fully
10 cooperate in the transfer of the infringing domain name <1oakmusic.com> to plaintiff Butter IPH,
11 LLC.

12 DATED December 11, 2012.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -